## STATE OF FLORIDA v RICHARD
### Case No. CJAP90-70
Ninth Judicial Circuit, Orange County

March 12, 1991

### APPEARANCES OF COUNSEL

**Paula C. Coffman,** Assistant State Attorney, for appellant.

**Bert W. Barclay, Esquire,** for appellee.

### OPINION OF THE COURT

RICHARD F. CONRAD, Circuit Judge.

Oral argument is dispensed with on the Court's own motion pursuant to Fla. App. R. 9.320.

On February 16, 1990 at approximately 1:45 AM Trooper F. W. Frye of the Florida Highway Patrol DUI Enforcement Unit observed the Appellee, Michael R. Richard, proceeding southbound on State

Road 600 in Orange County, Florida. Trooper Frye observed the Appellee's vehicle weaving over and straddling the line separating the two southbound lanes of travel and then weaving across the full yellow line which separates north and southbound traffic lanes. The Appellee's driving pattern continued in this manner for approximately one-half mile after which Trooper Frye activated his overhead emergency lights and stopped the vehicle. After two separate requests the Appellee exited his vehicle using the same for support. Trooper Frye detected a strong odor of the impurities of alcohol emanating from the Appellee's breath. Trooper Frye requested the Appellee produce his registration and drivers license. Upon producing same the Appellee was asked, "Do you know why I stopped you?" The Appellee became very emotional, stating that he was drunk and that he had lost his wife to a drunk driver the previous year. Subsequently, the Appellee struck the back of his vehicle with his fist and stated that he should have known better and that he had only had three beers. During a field sobriety test the Appellee spontaneously indicated that he would rather go to jail and that he had only two beers.

On this appeal from the Honorable Jose R. Rodriguez granting the Appellee's Motion to Suppress the road side statements this Appellee contends that the trooper's question "do you know why I stopped you?", started the incriminating ball rolling and was constitutionally unauthorized. I disagree.

This case is governed by the Supreme Court decision in *Harry J. Berkemer, Sheriff of Franklin County, Ohio v Richard N. McCarty,* 104 S.Ct. 3138, 468 U.S. 420, 82 Ld. 2nd 317 (1984).

In *Berkemer,* supra, the facts were very similar. However, in *Berkemer* the officer asked the defendant if he had been using intoxicants and the defendant replied that he had consumed two beers and had smoke[sic] marijuana a short time before. Justice Marshall, speaking for the Court, held that roadside questioning of a motorist who is detained pursuant to a routine traffic stop does not constitute custodial interrogation for the purposes of the Miranda rule. Justice Marshall reasoned

"Although an ordinary traffic stop curtails the "freedom of action" of the detained motorist and imposes some pressure on the detainee to answer questions, such pressures do not sufficiently impair the detainee's exercise of his privilege against self incrimination to require that he be warned of his constitutional rights. A traffic stop is usually brief, and the motorist expects, that, while he may be given a citation, in the end he will most likely be allowed to continue

**31**

on his way. Moreover the typical traffic stop is conducted in public, and the atmosphere surrounding it is substantially less "police dominated" than that surrounding the kinds of interrogation in issue in Miranda and subsequent places in which Miranda has been applied."

Even indulging the doubtful assumption that the trooper's inquiry infringed upon any constitutionally protected inquiry at all, the Appellee's answer was in no way responsive. The Appellee's response that he was drunk and had lost his wife to a drunk driver the year before was not prompted by any interrogation within the meaning of Miranda and should not have been suppressed.

Appellee goes to great lengths to point out that Trooper Frye was a member of a special Florida Highway Patrol DUI enforcement squad. That by virtue of the driving pattern the trooper had a strong suspicion that the Appellee was operating his motor vehicle under the influence of alcohol to the extent his normal faculties were impaired and after the stop and after having observed the Appellee the trooper somehow knew he was going to arrest the Appellee.

Whether the trooper had decided as soon as he observed the Appellee's driving pattern or whether he decided after he observed the Appellee exit his vehicle, that he would be taken into custody has no significance in this case. The officer never communicated this intention to the Appellee. The Supreme Court in *Berkemer* implied that a police officer's unspoken plan has no bearing on the question of whether a suspect was in "custody" at a particular time.

In this case the initial stop of the Appellee's vehicle, by itself, did not render the Appellee "in custody" and the Appellee has failed to demonstrate to this Court that at any time between the stop and the time the Appellee was arrested he was subjected to restrains comparable to those associated with a formal arrest.

REVERSED AND REMANDED.

No petition for rehearing shall be entertained. The Clerk is directed to issue MANDATE forthwith.